IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:12-CR-043 |
| | : | |
| Plaintiff, | : | JUDGE BARRETT |
| | : | |
| v. | : | **GOVERNMENT'S** |
| | : | **CONSOLIDATED RESPONSE** |
| | : | **TO DEFENDANTS** |
| TRACY BIAS ET AL., | : | **PRETRIAL MOTIONS** |
| | : | |
| Defendants. | : | |

The United States, by and through its undersigned counsel, hereby respectfully submits the following consolidated response to the pretrial motions filed by defendants Tracy Bias, Steven Hillman, and James Lassiter. For all the reasons set forth in this consolidated response, the government respectfully requests that this Court deny those motions.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/Timothy D. Oakley
TIMOTHY D. OAKLEY (0039965)
Assistant United States Attorney
221 East Fourth Street
Suite 400
Cincinnati, Ohio 45202
(513)684-3711
Fax: (513)684-2047
Tim.Oakley@usdoj.gov

## INTRODUCTION

The defendants have filed the following motions in the last week:

A. Motion to Suppress and Dismiss [Docket No. 131, Defendant Hillman]

B. Motion for Pretrial Disclosure of Government Witnesses/Informants and for Certificate of Compliance with Criminal Rule 16 and *Brady* Disclosure [Docket No. 132, Defendant Bias]

C. Motion for Pretrial Disclosure of Government Witnesses/Informants and for Certificate of Compliance with Criminal Rule 16 and *Brady* Disclosure [Docket No. 133, Defendant Hillman].

D. Motion in Limine to Preclude Inadmissible Hearsay and the Use of Certain Derogatory Terms [Docket No. 134, Defendant Bias]

E. Motion for Leave to Join Motion for Pretrial Disclosure of Government Witnesses/Informants and for Certificate of Compliance with Criminal Rule 16 and *Brady* Disclosure [Docket No. 136, Defendant Lassiter]

F. Motion for Leave to Join Motion in Limine [Docket No. 137, Defendant Lassiter]

Because several of the motions listed above raise the same issue, the government's consolidated response is organized by the issues raised, rather than by defendant. To the extent that the government's position on any of these motions differs for any of the defendants, the government expressly notes those differences in this consolidated response.

## PROCEDURAL BACKGROUND

On January 16, 2013, a federal grand jury returned a Superseding Indictment charging defendants Bias, Hillman, Lassiter, and others with numerous offenses, including a conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. Docket Entry 109. A six-week trial is

scheduled to commence on June 24, 2013, with a final pretrial motions hearing scheduled for June 5, 2013.[1]

## **DEFENDANT HILLMAN'S MOTION TO SUPPRESS AND DISMISS [131][2]**

Without citation or authority, defendant Steve Hillman requests that the Court suppress financial records. Specifically, he requests that the Court suppress financial records related to Steve Hillman and Physician's Pharmacy, LLC.[3] He claims that "the very existence of them should be suppressed as a violation of the movant's rights under the 4th Amendment." Docket No. 131, p. 3. Defendant Hillman's motion to suppress should be denied pursuant to long-standing Supreme Court precedent.

The Supreme Court has held repeatedly that "the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed." *United States v. Miller*, 425 U.S. 435, 443 (1976) (citing *United States v. White*, 401 U.S. 745, 751-52 (1971), *Hoffa v. United States*, 385 U.S. 293, 302 (1966), *Lopez v. United States*, 373 U.S. 427 (1963)). Indeed, the Supreme Court has specifically addressed the Fourth Amendment implications of bank records. In *Miller*, the Supreme Court held that *a bank depositer has no reasonable expectation of privacy in bank records, such as deposit slips or checks. Id.* at 442 (emphasis supplied). The Supreme Court explained, "[t]he checks are not confidential communications but

---

[1] Defendant Hillman's Motion for Severance is scheduled to be heard on May 21, 2013 at 9:30 A.M. and has been addressed by the government in a separate response, Docket Entry 138.

[2] The number in brackets refers to the applicable docket number.

[3] The government may seek to introduce, at trial, bank records associated with the defendants. *E.g.* Exhibit 1.

3

negotiable instruments to be used in commercial transactions.  All of the documents obtained, including financial statements and deposit slips, contain only information voluntarily conveyed to the banks and exposed to their employees in the ordinary course of business. . . . The depositer takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government." *Id*. At 442-43.  As these cases illustrate, defendant Hillman's Fourth Amendment rights were not violated when his bank records were obtained without a search warrant.  As such, there is no basis to suppress them.

As to the request for dismissal, defendant Hillman's claim fairs no better; his motion misses the point.  The Superseding Indictment in the instant case has charged Hillman with conspiring to distribute narcotics and money laundering.  See Docket No. 109.   Among other things, the Superseding Indictment alleges that defendants Bias and Hillman "endeavored to open Physicians Pharmacy located in Piketown, Ohio to service prescriptions for controlled substances issued by the pain clinics owned and controlled by Tracy Bias and others."  Docket Entry 109, Count One, p. 15.  Defendant Hillman is further charged -- along with defendant Bias -- with money laundering cash received from their illegal drug distribution business.  *See* Docket Entry 109; Count Twelve.  Thus, the Superseding Indictment involves the illegal distribution of narcotics and laundering the proceeds of the illegal distribution.  That was not the issue before the administrative law judge.  Rather, as defendant's motion and own exhibits demonstrate, the administrative hearing dealt with the *licensure* of Physician's Pharmacy to sell prescription narcotics.

However, even if the administrative hearing pertained to the same issue – which it did not – the law of the District is quite clear and defendant Hillman's motion to dismiss should be

4

denied.  The Courts have held that an administrative determination of a particular fact does not act as collateral estoppel for a criminal charge even if the criminal case is based on similar conduct.  *United States v. Payne*, 2 F3d 706 (6th Cir. 1993)(finding criminal charges for bribery and for obstructing and deserting the mail were not collaterally estopped even though they arose from substantially similar claims of wrongdoing that a postal ALJ considered).  Similarly, the *Payne* Court also considered and rejected the defendant's argument that double jeopardy precluded the prosecution.  Citing *United States v. Reed*, 937 F2d. 575, 578 (11th Cir. 1991), the Court cautioned that the application of double jeopardy in a civil context would "work an absurd result" and refused to "offer up the Double Jeopardy Clause as a forum shopping tool for government employees who violated the law."  *Id.* At 710.[4]  Accordingly, defendant Hillman's Motion to Suppress and Dismiss should be denied based upon the clear precedent that has already considered and rejected the same arguments he makes here.

### DEFENDANTS' MOTION FOR PRETRIAL DISCLOSURE OF GOVERNMENT WITNESSES/INFORMANTS AND FOR CERTIFICATE OF COMPLIANCE WITH CRIMINAL RULE 16 AND *BRADY* DISCLOSURE [132, 133, 136]

Defendant Bias filed a Motion for Pretrial Disclosure of Government Witnesses/Informants and for Certificate of Compliance with Criminal Rule 16 and *Brady* Disclosure [132].  Defendant Hillman appears to have filed an identical motion [133] and defendant Lassiter has filed a Motion to Join the motion filed by defendant Bias [136].

---

[4] As a factual matter, it must be noted that the administrative ruling did not prohibit the opening of the business.  Physicians Pharmacy could have opened and sold medication other than prescription narcotics without the ruling.  The administrative hearing merely concerned the ability of the pharmacy to fill prescriptions for narcotic medications and the granting of the DEA registration number.  The real purpose of the business was to give Bias and Hillman a place to fill pain prescriptions written by doctors from Bias's clinics and elsewhere with no questions being raised, thereby making Hillman and Bias millions of dollars.

Because these three motions are for identical relief, the United States will respond jointly to the motions.

The defendants request that the Court order the government to disclose its witnesses/informants in advance of trial and to certify that it has met its disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and *Brady*. As a basis for their request, the defendants assert that they need such information to a) screen for conflicts, b) conduct voir dire, and c) prepare a defense. The United States would submit that the requests are without legal basis and should be denied.

### A. The Defendants' Request for Pretrial Disclosure of Witnesses and Informants Should Be Denied.

The defendants have cited no authority requiring the government to disclose its Witnesses in advance of trial. In fact, none exists. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)(Due Process Clause does not require the prosecution to reveal names of witnesses who will testify unfavorably against the defendant); *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993)("Ordinarily, a defendant is not entitled to a list of names and addresses of the government's witnesses."). Even in death penalty cases, the government is only required to provide its witness list to the defendant three days in advance of trial, and even there, the list need not be furnished if the Court finds disclosure will jeopardize the safety of individuals by a preponderance of the evidence. *See* 18 U.S.C. § 3432. The defendants have articulated no particularized need for disclosure of the government's witness list in this case. The reasons given by the defendants for the request – to a) screen for conflicts, b) conduct voir dire, and c) prepare a defense – are reasons applicable to every case that comes before the Court and do not justify the extreme request made by the defendants here.

Similarly, the defendants have shown no particularized need for the pretrial identification of confidential informants.  In his motion [132] Bias merely states, "in the affidavit that was used to secure search warrants in this case, no less than five [5] people are said to have had first-hand interactions with Mr. Bias and/or witnessed unlawful acts allegedly committed by Mr. Bias and/or his employees or agents."  Docket No. 132, p. 2.  Based upon Bias's own description of the individuals whose identity he seeks, it is unclear whether Bias is referring to witnesses or confidential informants.  Without more detail from the defendants, it is difficult for the United States to respond to the defendants' motions.

To the extent that the defendants seek the identities of confidential informants, Sixth Circuit jurisprudence makes clear that the defendants have a substantial burden to overcome.  The Sixth Circuit has cautioned that "[a]n informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial."  *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992)(disclosure not required where defendant failed to show how informant who had arranged three drug deals with the defendant would substantively assist his defense).  More than speculation is required.  Where the defendants' claims, as in this case, are based on "mere conjecture or supposition about the possible relevancy of the informant's testimony," such claims are insufficient to warrant disclosure.  *United States v. Sharp,* 778 F.2d 1182, 1187 (6th Cir.1985)(reversing trial court; finding court abused its discretion in compelling disclosure of informant's identity where court relied on counsel's assertion of entrapment defense rather than evidence).

The defendants have fallen well short of their burden of demonstrating that disclosure is "essential" to a fair trial.  Bias claims that without the identity or dates upon which those

7

interactions occurred, the defense cannot a) screen for conflicts, b) conduct voir dire, and c) prepare a defense. As noted above, these are general reasons that apply to nearly every criminal case before the Court. Moreover, to the extent that the defendants seek the identity of individuals described in the affidavit, the Sixth Circuit is clear that disclosure is not required where informants were used for the limited purpose of obtaining a search warrant. *United States v. Cummins*, 912 F.2d 98, 104 (6th Cir. 1990)(upholding denial of motion for disclosure of informant's identity). Finally, defendant Bias' asserts that the identities of informants are necessary to flesh out an alibi defense, as Bias traveled "a great deal." Such a speculative assertion is insufficient to warrant disclosure. *Sharp*, 778 F.2d at 1187.

      **B.**      **The Defendants' Request for Certification of Compliance with Rule 16 and *Brady* Should Be Denied.**

First, the United States would ask the Court to recognize that discovery is and has always been an ongoing process in this and many other criminal cases. To order the United States to certify that its discovery obligations have been met is something that is not feasible. The United States would respond that it has provided access to what it has in its possession and is aware of its ongoing obligations under the law. The discovery that has been provided to counsel consist of medical files, reports of experts, and allowing access to inspect any physical item recovered in the searches. Contrary to defendant Hillman's claims, the United States has also provided copies of financial records regarding Physicians Pharmacy. The United States would welcome any of the counsel to sit down and review the discovery with the United States to ensure that it is as complete as possible with the understanding that discovery is an ongoing process.

Moreover the requests of the defendants exceed the rules of discovery. The defendant seeks to obtain information to which they are not entitled under Rule 16, Federal Rules of Criminal Procedure under the guise of *Brady v. Maryland*, 373 U.S. 83 (1963).

The defendant is entitled to evidence that is favorable pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and that may be used to substantially impeach the credibility of a government witness. *Giles v. Maryland*, 386 U.S. 66 (1967). While such items as promises of leniency, prior record, and remuneration are discoverable, this rule of law does not afford the defendant carte blanche to know everything the government's investigation has unearthed. *United States v. Arroyo-Angulo*, 580 F.2d 1137 (2nd Cir. 1978). As the Supreme Court has repeatedly explained, "[T]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Indeed, in *United States v. Conder*, 423 F.2d 904, 911 (6th Cir. 1970), the Sixth Circuit stated:

> *Brady* holds only that the suppression at trial of evidence favorable to an accused is a denial of due process. This is a far cry from requiring the government to determine prior to trial what evidence in its files will be favorable to the accused, a crystal-ball type decision which might often be impossible without advance knowledge of the nature of the defense which will be presented at trial.

Nor does the *Brady* doctrine give rise to an unfettered right to rummage through government files in search of cross-examination material.

The Defendants' request seeks materials necessary for cross-examination of government witnesses. The right to confront and cross-examine witnesses is a trial right, not a tool for discovery. *Brady* and its progeny were never intended to create pre-trial remedies. *United States v. Short*, 671 F.2d 178 (6th Cir. 1982); *United States v. Moore*, 439 F.2d 1107 (6th Cir. 1971).

9

Indeed, at least one other Circuit had previously stated that "*Brady* and the timing provisions of the Jencks Act are compatible as a matter of law." *United States v. Campagnuolo*, 592 F.2d 852 (5th Cir. 1979); *United States v. Scott*, 524 F.2d 465 (5th Cir. 1975). The Sixth Circuit has now specifically adopted this rule. *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988); *United States v. Mullins*, 22 F3d 1365 (6th Cir 1994).

As to concerns about conflict, attempting an alibi, and voir dire, those can and should be handled by the Court. It is expected that the Court will ask the potential jurors if they know any of the witnesses named in its colloquy. With regards to conflict concerns, pre-trial disclosure requires the defendant to offer more than a strategic reason for the names or that the witness may have had some relevant or helpful information. Such a showing is necessary for the names to be provided pre-trial. *United States v. Moore*, 954 F2d 379 (6th Cir. 1992)

Accordingly, the government will continue with its discovery obligations under the rules, *Brady* and *Jencks* will be provided at trial, prior felony records of any witnesses, any promises or inducements offered to any witness, and any other material that is favorable to the defendants will be made known at the appropriate time under the law.

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE INADMISSIBLE HEARSAY AND THE USE OF CERTAIN DEROGOTORY TERMS [134, 137]

Defendant Bias has filed a motion *in limine* to preclude the government from using "inadmissible hearsay" and "certain derogatory terms" at trial. *See* Docket No. 134. Defendant Lassiter has joined that motion. *See* Docket No. 137. For the reasons stated below, the government respectfully submits that the Defendants' Motion in Limine to Exclude Hearsay and The Use of Certain Derogatory Terms should be denied.

10

First, Defendants Bias and Lassiter move to preclude government witnesses from testifying that they were told by others that physicians of the clinics named in the Superseding Indictment would prescribe controlled substances without a legitimate medical purpose. Defendant Bias asserts that such statements "could lead to a conviction based upon the statements of unseen, unsworn, and unchallengeable persons whose statements have not been submitted to cross-examination." Docket No. 134, p.2. He further alleges that such statements are unreliable and untestable. *Id*.

In this case, patients are expected to testify that they went to the clinics owned and operated by Tracy Bias because that was a place to get narcotics. The testimony of these patients is expected to show that these statements caused them to take particular action – *i.e.* go to the clinics. It is well-settled that statements that are not offered for the truth of the matter asserted, but to explain the effect on the listener are not hearsay. Fed. R. Evid. 801(c)(2); *see United States v. Cromer,* 389 F.3d 662, 676 (6th Cir. 2004)(evidence offered to explain "how certain events came to pass or why the officers took the actions they did" is not offered for the truth of the matter); *United States v. Evans*, 883 F.2d 496, 501 (6th Cir. 1989). Thus, statements made by others that caused a particular person to visit one of the clinics or led a law enforcement officer to take particular action are not hearsay. Similarly, there are no Confrontation Clause implications of such testimony, because such statements are not testimonial and do not constitute hearsay. The Sixth Circuit has explained that "[t]o trigger a violation of the Confrontation Clause, an admitted statement must be testimonial in nature and must be hearsay – that is, a statement, other than one made by the declarant while testifying at the trial or hearing, offered in

11

evidence to prove the truth of the matter asserted. *United States v. Warman,* 578 F.3d 320, 346 (6th Cir. 2009) (internal quotations and citations omitted). Neither situation is present here.

Moreover, evidence of reputation is admissible to show the state of mind of a witness. *United States v. Roach*, 708 F2d 209 (6th Cir.) cert denied 464 U.S. 993 (1983). The court in *Roach* upheld the testimony regarding the reputation of a gangster in an extortion prosecution. Such evidence was proper to show the witness/victim state of mind. Thus, in this case, the reputation of Bias, his doctors and his clinics are admissible to explain the statement of mind of those who went to the clinics -- it was a place to get pills.

Defendant Bias also asks the Court to preclude such terms as "pill mill" and a list of others that he describes as "derogatory" because they are prejudicial and go to the ultimate issue at trial. He further requests that the Court order the prosecutors from a) using the terms in his motion and b) eliciting testimony regarding others' use of the above terms to describe the defendants and clinics.

Under the Federal Rules of Evidence and governing law, relevant evidence is admissible unless it is *unduly* prejudicial. "Relevance" is a low evidentiary threshold and the standard for relevance is "extremely liberal." *See Dortch v. Fowler,* 588 F.3d 396, 400 (6th Cir. 2009).

Relevant evidence is subject to exclusion under Federal Rule of Evidence 403 only if it is *unduly* prejudicial, that is, if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Thus, by its plain terms, Rule 403 is a rule of inclusion that favors admissibility. The Sixth Circuit has said as much, cautioning that a Rule 403 violation does not occur when a defendant's case is damaged "from the legitimate probative force of the evidence;" rather it occurs only when prejudicial evidence "tends to suggest a decision on an

12

improper basis." *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988)(defendant not prejudiced by witnesses' reference to "speed" transactions with the defendant in methamphetamine prosecution). In other words, the mere fact that evidence will be damaging to the defendant's case is not enough – the evidence must be *unfairly* prejudicial and the unfair prejudice must *substantially outweigh* the probative value of the evidence. *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir. 1996) ("Evidence that is prejudicial only in the sense that it paints the defendant in a bad light is not "unfairly prejudicial pursuant to Rule 403."). This standard makes sense, as all evidence tending to prove that a defendant is guilty of the crimes charged will be prejudicial. The question is whether the evidence is unfairly prejudicial.

The answer in this case is clearly no, and thus, the Court should not exclude such testimony. The terms used by the clinics' customers themselves to refer or describe the clinic are not unfairly prejudicial and do not substantially outweigh the probative value of the evidence. The fact that customers went to the clinics precisely because they were "pill mills" is directly relevant to the charges in this case – whether or not the defendants distributed or conspired to distribute controlled substances for an illegitimate purpose. Such factual testimony is clearly damaging to the defendants because it implicates them in criminal wrongdoing. But, such testimony does not constitute *unfair* prejudice. The Sixth Circuit has explained that unfair prejudice does not refer to damage done by the legitimate probative force of evidence. *United States v. Shrock*, 855 F2d 327 (6th Cir. 1988). In fact, this specific motion was made in a similar case before a Court in this district, *United States v. Paul Volkman et al.*, case number, 1:07-CR-060, and denied by Judge Beckwith. *See* Exhibit 2, Doc. 200, p.7. ("Defendant's motion to preclude the use of derogatory terms (Doc. 154) is denied to the extent that it seeks to prevent

13

any Government law witnesses from uttering such terms as "pill mill," "script doctor," and the like.  Any similar terms of art or commonly used expressions that may be used by expert witnesses are admissible and subject to proper qualification.").  Moreover, as explained above, evidence of reputation is admissible to show the state of mind of a witness.  *United States v. Roach*, 708 F2d 209 (6th Cir.) cert denied 464 U.S. 993 (1983).

Nor does the use of such terms encroach on the province of the jury.  Eyewitness testimony is not precluded merely because it may contain a legal conclusion.  The terms "pill mill" and the like do not have a distinct, specialized legal meaning.  As such the testimony of the drug seekers and why they went to "pill mills" is helpful because that witness is in a better position than the juror to evaluate the defendant's behavior.  *United States v. Sheffey*, 57 F3d. 1419 (6th Cir 1995)  In Sheffey, the Court upheld the testimony of lay witnesses to testify as to the recklessness of a driver in a case where the defendant was charged in manslaughter after a traffic accident.  Such testimony was permitted despite the nature of the testimony being a legal conclusion due to the nature of the charges.  There as in the case at bar, the testimony gave the jurors a better picture of the behavior of the defendant and in the case at bar, the operation of the clinics.

The government respectfully requests that the Court deny the defendant's motion *in limine*.  In the alternative, the government respectfully requests that the Court reserve ruling on the motion until the trial testimony is to be presented because the motion is premature.

## CONCLUSION

**THEREFORE,** the government requests that the defendants' motion be overruled.

                                            **Respectfully submitted,**

                                            **CARTER M. STEWART**
                                            **United States Attorney**

                                            **s/Timothy D. Oakley**
                                            **TIMOTHY D. OAKLEY (0039965)**
                                            **Assistant United States Attorney**
                                            **Attorney for Plaintiff**
                                            **221 East Fourth Street, Suite 400**
                                            **Cincinnati, Ohio 45202**
                                            **(513) 684-3711**
                                            **Fax: (513) 684-2047**
                                            **Tim.Oakley @usdoj.gov**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Response was served this 7th day of May, 2013, electronically upon all Counsel of record.

                                              **s/Timothy D. Oakley**
                                              **TIMOTHY D. OAKLEY (0039965)**
                                              **Assistant United States Attorney**