EXHIBIT 2

```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION
```

United States,                  :    Case No. 1:07-CR-060
                                :
    Plaintiff,                  :
                                :
vs.                             :
                                :
Denise Huffman, Alice Huffman   :
Ball, and Paul H. Volkman,      :
                                :
    Defendants.                 :

**ORDER**

    The Court conducted a conference in this matter with counsel on November 3, 2010, to address pending motions filed by defendant Volkman. After considering the parties' written submissions and arguments, the Court makes the following rulings.

    Defendant's motion for a trial continuance (Doc. 136) is granted. Defendant's expert witness has not completed his review of the critical evidence in this case and has not yet tendered his report. Counsel represented to the Court that the expert believes he will be prepared if a 60-day continuance is granted. The Court is cognizant of the age of this case, the number of prior continuances that have been granted, and the Government's arguments opposing the motion. The Court previously declared this case to be complex for purposes of the Speedy Trial Act, 18 U.S.C. §3161(c)(1). Defendant has formally waived his rights to a speedy trial under that statute. Given the specific

circumstances presented, the Court finds that the ends of justice are served by granting a 60-day continuance, and that the need for additional time to prepare the defense of this complex case outweighs the interest of the public and the Defendants in a speedy trial. See 18 U.S.C. §3161(h)(8)(A).

Jury trial will begin at 9 a.m. on Monday, February 28, 2011. No further extensions of the trial date will be granted. The Court will not hold trial sessions on Fridays during the trial.

Defendant's motion for a separate trial (Doc. 142) is moot, in view of the plea agreements executed by Denise Huffman and Alice Huffman.

Defendant's motion to bifurcate the counts of the indictment concerning patient deaths (Doc. 158) is denied. The evidence concerning the deaths is relevant to the alleged conspiracy, and to the elements of the offenses charged against Defendant under 21 U.S.C. §841. It also appears to the Court that evidence about the treatment of patients, specific prescriptions given, and any deaths that allegedly resulted from these activities, is so intertwined that there would be no practical or feasible manner in which to separate the evidence of the deaths alleged in the indictment.

Defendant's motion for a supplemental juror questionnaire (Doc. 139) is granted in part. The Court finds that some

additional questions to the panel would be appropriate given the issues in this case. Counsel shall submit no more than twenty proposed juror questions by February 4. The Court anticipates that all potential jurors will be asked to complete the additional questionnaire on February 28 when they appear for trial, and not before. The questionnaires will be copied and given to counsel prior to the start of voir dire. A final decision on the additional proposed questions will be made at the final pre-trial conference.

Defendant's motion for additional time for attorney voir dire (Doc. 143) is granted. The Court will permit the Government one and a half hours, and the Defendant two and a half hours for attorney voir dire.

The motion for Brady materials (Doc. 137), for disclosure of impeaching information (Doc. 138), and for disclosure of confidential informants (Doc. 144), are all denied to the extent that Defendant is seeking immediate production of these materials. The Government is not obligated to disclose these materials in advance of trial. The Court would like to avoid any unnecessary delays during the trial due to the disclosure of substantial amounts of impeaching information about any Government witness just prior to that witness' testimony. The Government informed the Court that it also wants to avoid delays, and will make timely disclosures. Any materials that are lengthy

shall be submitted to the Court for in camera review at least thirty days before trial, by January 28. The Court grants Defendant's motion to the extent that it will review, in camera and prior to trial, the personnel files of any Government witnesses. Defendant shall submit to the Court a summary or description of the types of materials Defendant believes may be found in those files which may be subject to disclosure.

Defendant's motion to strike surplusage from the indictment (Doc. 141) is denied as moot. The Court will not read the indictment to the jury, and the indictment will not be provided to the jury as an exhibit.

Defendant's motion to dismiss Count 6 (Doc. 140), and motion to dismiss counts concerning Jeffrey Reed, Charles Jordan, Scottie James and William Wicker (Doc. 162) are taken under submission. The Government does note that the trial evidence concerning these four deaths will not be limited to Dr. Policastro's report and opinion, which will be one subject of the <u>Daubert</u> hearing. If that is the case, it would be error for the Court to dismiss charges before trial based on a sufficiency of the evidence challenge. This motion will be addressed again at the <u>Daubert</u> hearing.

Defendant's motion to exclude the Government's experts Kennedy, Severyn, and Policastro (Docs. 160 and 161) will be the subject of a <u>Daubert</u> hearing to be held on Monday, December 20,

2010 beginning at 8:30 a.m. The Court will reserve Tuesday, December 21 for continuation of this hearing. The Government will ensure the attendance of its experts at this hearing. The motion to exclude testimony of Dr. Severyn and Dr. Policastro on the basis of untimely disclosure is denied, as Defendant has been in possession of their reports for a significant period of time, and has not demonstrated prejudice.

Defendant's motion to suppress search warrants (Doc. 163) is submitted for decision. The Court sees no need for an evidentiary hearing on this motion, and an order will issue in due course.

Defendant's motion in limine to exclude statistical data (Doc. 145) is denied. Defendant's arguments about this evidence are fodder for cross-examination, and do not support a blanket exclusion order.

Defendant's motion to exclude unrelated civil actions (Doc. 146) cannot be granted or denied at this juncture and must await presentation of evidence at trial. The Court preliminarily notes that the fact of the existence of civil litigation against Defendant may be relevant background information, while the details of individual civil suits against Defendant are likely not admissible.

Defendant's motion to exclude evidence about Dr. David Proctor (Doc. 147) cannot be granted or denied at this point.

The issue may also be moot after Denise Huffman formally enters her plea. The Government states that it does not intend to introduce the details of the prosecution of Dr. Proctor or his conduct after indictment in any event.

Defendant's motion to exclude the DEA and Ohio Medical Board proceedings against him (Doc. 149) is granted in part. The Court agrees that the different standards of review and proof in these administrative actions may pose a danger of confusion and undue prejudice. The Government states, however, that some of the witnesses who testified in those proceedings are expected to testify at trial. Their prior testimony may therefore be a proper subject of impeachment. The Government also states that it does not intend to introduce the DEA or the Medical Board findings and conclusions. Cautionary instructions to the jury regarding this area will be considered at trial upon request.

Defendant's motion to exclude pharmacists' complaints about Volkman (Doc. 150) is denied. A pharmacist has a legal duty to report what he believes to be improper or illegal prescribing behavior. Moreover, the Government intends to present testimony from the pharmacists at trial. Defendant's objections to any specific testimony are preserved for trial.

Defendant's motions to exclude hearsay from Dr. Del Zotto (Doc. 148); to exclude hearsay from unidentified sources (Doc. 151); to exclude hearsay statements of Chad Ball (Doc. 152); to

exclude hearsay about patients traveling to fill prescriptions (Doc. 153); and to exclude hearsay about a confidential informant (Doc. 157), are all denied without prejudice to renewal at trial. The Court cannot grant or deny these motions without considering the testimony actually proffered at trial.

Defendant's motion to preclude the use of derogatory terms (Doc. 154) is denied to the extent that it seeks to prevent any Government lay witnesses from uttering such terms as "pill mill," "script doctor" and the like. Any similar terms of art or commonly-used expressions that may be used by expert witnesses are admissible subject to proper qualification.

Defendant's motion concerning appropriate "standard of care" evidence (Doc. 155) is denied to the extent that it seeks a pretrial order excluding evidence of management practices or poor administrative planning. Defendant is free to request a limiting or cautionary instruction during the trial regarding this issue.

Defendant's motion to exclude evidence of malpractice insurance and/or lack thereof (Doc. 156) cannot be granted or denied at this juncture. Evidence about malpractice insurance or lack thereof may be relevant depending upon the context in which the evidence is sought to be admitted. Defendant's objections to specific "waiver" documents in patients' files may be raised at trial.

Defendant's motion to exclude "profile" or "red flag"

evidence (Doc. 159) is denied insofar as it seeks pretrial exclusion of all such evidence.  Facts about the operation of the clinic Defendant cites in the motion (such as a cash-only policy, or the socio-economic status of patients) may be relevant to both the conspiracy and to the drug charges against Defendant.  Many of Defendant's objections are proper matters for cross-examination, not wholesale exclusion.  Objections to any specific evidence or testimony are preserved for trial.

    The jury trial date of January 3, 2011 is hereby vacated.  Trial will commence on February 28, 2011 at 9 a.m.  The Court will conduct a Daubert hearing on December 20, 2010 at 8:30 a.m., and if necessary on December 21, 2010 beginning at 8:30 a.m.  The Court will contact counsel to set a final pretrial conference sometime in early February.

    SO ORDERED.

DATED: November 4, 2010        s/Sandra S. Beckwith  
                                      Sandra S. Beckwith  
                                      Senior United States District Judge