# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:12-CR-043(1) |
| Plaintiff, | : | JUDGE BARRETT |
| v. | : | |
| | : | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| TRACY BIAS, | : | |
| Defendant. | : | |

The United States by and through counsel, Assistant United States Attorney, Timothy D. Oakley, respectfully submits that the sentence recommended by the United States Probation Department (Probation) is adequate and the defendant's sentence be imposed as recommended.

## SENTENCING RECOMMENDATIONS

Probation has recommended a total term of incarceration of 235 months on the count of conviction. This sentence was calculated by Probation to be a total offense level of 37 in Count 1. This is based on the defendant's base offense level of 38 based on the amount of medication involved through the prescriptions and dispensaries (prescriptions are included in the definition of dispensed). An increase of two levels is recommended for being a leader/organizer under U.S.S.G. § 3B1.1(c) for a total of 40. There is a reduction for acceptance of responsibility of three levels so the total offense level is 37. The defendant's criminal history category was level II with a corresponding sentencing range of 235 to 293 months. There is a statutory cap of 240 months. The recommended sentence is at the bottom of the guideline range. The United States submits that the guideline calculation is correct. The United States agrees with that

recommendation and requests that this court sentence Tracy Bias to a term of imprisonment of 235 months.

## DEFENDANT'S OBJECTION

Counsel has raised five objections to the Pre-Sentence Report (PSR).  The first is to the inclusion of Trinity Medical Care with regards to sentencing.  The objection doesn't affect the guideline calculation and can be disregarded.  The evidence, however, does indicate an ownership interest with Hawthorne despite the protests of the defendant.  The evidence showed that Bias was an active participant in the operation of Trinity, he was often at the location and demanded to know the number of patients being seen and the profits being obtained.  These are the acts of a person with an ownership interest.  His denial of ownership was played out *only after a surreptitious meeting with co-defendant Hillman prior to Bias's change of plea.*  It was learned by defendant's counsel after Bias changed his plea to guilty that Bias had a secret meeting with Hillman to discuss the statement of facts that at the time were to be filed under seal.  Defendant's counsel relayed this information to the United States.  The United States is left to speculate as to the true intent of Bias and Hillman in this meeting but it is clear that the denial of ownership makes no sense especially when others, including Dr. Lassiter in his sentencing memorandum, discuss how they received instructions from Bias on the operation of the Trinity clinic.

The second objection is to the inclusion of the death of Billy Adams in the PSR.  Again, the death did not serve to increase the sentence of the defendant.  It is merely a factor for the Court to consider if it wants.  It does, however, serve to show the effect Bias and his operation had on the community, through the indiscriminate providing of highly addictive medication without conducting proper examinations to determine need or adequate treatment.  It must be

noted that Bias entered into the pill business in Portsmouth rather late in the epidemic. At this time the pill problem in Portsmouth was well known. Other clinics had been searched by police. Local pharmacies were refusing to fill many of these prescriptions. People were reported as dying from these drugs. It was through these previous investigations that Bias and his partner shaped their business model to limit the number of patients being seen at one clinic and instead open several to keep patient numbers down to a level they thought police would not watch. He continued the practice of using temporary doctors who had no real training or experience to handle these clients. He continued the practice of obtaining doctors who through their own personal frailties had no other place to earn a living. Yet despite the slow start, he was able through his operation to generate millions of dollars in profits from these addicts.

The third objection is the inclusion of information about sponsoring patients. Bias did not admit to the practice. While the United States is prepared to present evidence obtained in its investigation contra, it does not increase or decrease the guideline range and as such can be disregarded.

The fourth and fifth objections are to the claimed sentence disparity between Bias and co-defendant Journey and requests for a downward departure. The United States would submit that these are best handled as mitigation factors and not actual objections to guideline calculations. Both men pled to the same guideline range. Both testified in the Hillman trial. That is where the comparison stops. It is true that two doctors pled to lesser charges after Bias entered his plea. His involvement in that process is unknown. It is also true that Bias testified in the Hillman trial. Bias testified after his secret meeting with Hillman and changed the statement of facts regarding Trinity Medical Care and the Dahlsten phone call (change of plea excerpt 9-10), two things that would have shown knowledge of the operation by Hillman. The meeting between these co-

3

defendants was known by the United States at the time of trial. Again, this was a meeting between co-defendants not defendant and counsel. Bias had counsel at the time he and Hillman met in secret to discuss the sealed plea and facts. At trial again Bias denied any relationship with Trinity despite obvious evidence to the contrary.

In the plea agreement, the United States retained the right to be the sole determiner as to whether the defendant provided complete cooperation. The United States does not agree with defense counsel's characterization of Bias's actions.

## STATEMENT OF FACTS FOR SENTENCING

Title 18 U.S.C. § 3553(a) provides the Court with the factors that must be considered. First the Court must look at the nature and circumstances of the offense and the nature and circumstances of the defendant. Here the defendant was involved in a multi-million dollar opiate distribution operation despite seeing what the epidemic had done to the community. These pain clinics fed off the addictions of its patients to generate millions of dollars in revenue for both he and other owners. Bias recruited failed doctors to act as conduits to profit from the devastation being wreaked on to the area by his operation. When local pharmacies refused to honor prescriptions written by his rent-a-doctors, he opened unlicensed dispensaries with the doctor du jour. He loaned money to Mark Fantauzzi to open a dispensary and then went into business in a huge way with Hillman and others. Bias was able to provide over $220,000.00 in cash with only an unsigned promissory note for a portion of the funds to secure his end of the business. Bias met with the building owner to look at the property. That shows the extent that the defendant was willing to keep this income stream alive. He showed no remorse in his testimony in the trial of Steven Hillman and appeared to question his own admitted guilt. He is merely a person

without contrition and a person who needs to serve a substantial incarceration for the protection of society.

Next, the Court must consider the need for the sentence imposed: (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the crime; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed or vocational training, medical care, or other correctional treatment in the most effective manner.  Here the defendant again should be sentenced to the recommended range.  This was a serious offense with dangerous repercussions.  It is part of a huge operation providing a large amount of opiates and benzodiazepines into the community.  The drug creates multiple classes of victims; being those who are addicted, those who suffered from the theft and violence associated with the obtaining of that drug and the ones left to mourn for the dead.  Bias was a huge part of a greater pill tsunami into the Southern Ohio area.  The Bias/Journey clinics were just yet another pill operation being run by felons and failed doctors in Southern Ohio.  A sentence in the recommended range will reflect all of the factors in this subsection.  Moreover, the sentence recommended would reflect that these types of crimes committed by these types of criminals will be punished and the safety of the community considered.  The guidelines clearly are reasonable with regards to this factor.

Further, the next factor is the kind of sentences available.  In this case, incarceration is an option.  For the purposes of these cases, it is also the best and only reasonable option.

Finally, the Court is to consider the kinds of sentences and the sentencing ranges available for the applicable category of offense committed by the applicable category of the defendant as set forth in the guidelines.  Here the sentence has been reviewed and a reasonable sentence recommended.

## CONCLUSION

The recommendations by probation are correct applications of the law with the possible determination of the criminal history. The defendant should receive then a sentence that reflects that sentencing range.

**Respectfully submitted,**

**CARTER M. STEWART**
**United States Attorney**

*s/Timothy D. Oakley*
**TIMOTHY D. OAKLEY (0039965)**
**Assistant United States Attorney**
**221 East Fourth Street, Suite 400**
**Cincinnati, Ohio 45202**
**(513) 684-3711**
**Fax: (513) 684-2047**
**Tim.Oakley@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 16th day of May, 2014, electronically on John T. Keller and Peter C. Link, Attorneys for defendant, Tracy Bias.

*s/Timothy D. Oakley*
**TIMOTHY D. OAKLEY (0039965)**
**Assistant United States Attorney**