## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.   1:12-CR-043** |
| | : | **1:17-CV-114** |
| **Respondent,** | : | |
| | : | **JUDGE BARRETT** |
| **v.** | : | |
| | : | |
| | : | **GOVERNMENT'S RESPONSE TO** |
| **TRACY BIAS,** | : | **PETITIONER'S 2255 MOTION** |
| | : | |
| **Petitioner.** | : | |

The United States by and through counsel, Assistant United States Attorney Timothy Oakley, respectfully submits that the defendant's captioned 28 U.S.C. § 2255 Motion must be dismissed.

**ISSUES PRESENTED:**

The Petitioner has raised four grounds to seek relief:

(1) The United States breached the plea agreement in failing to file a proper motion.

(2) Multiple counsel were ineffective based on a failure to discuss defenses and instead pled guilty and received more time than others in the conspiracy.

(3) Breach of the plea agreement by accepting a plea agreement and letting him waive his rights.

(4) Malicious prosecution from Judge Barrett based on not requiring the United States to request a sentence sought by the Petitioner and sentencing the Petitioner to more time than others in the conspiracy, as well as ordering the forfeiture of the income obtained by the Petitioner as part of the criminal operation.

**STANDARD OF REVIEW:**

**Waivers:** Claims that are waived in the plea agreement are procedurally barred from appeal as long as made knowingly and intelligently. *United States v. Coker*, 514 F.3d. 562 (6th Cir. 2008). *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003)**.**

**Procedurally barred:** Claims that are raised on direct appeal may not be re-litigated under 28 U.S.C. § 2255 absent highly exceptional circumstances" such as an intervening change in the law. *Dupont v. United States* 76 F.3d 108, 110 (6th Cir. 1996).

**Ineffective assistance of counsel:** Petitioner must show that (1) the counsel's performance was deficient to the point where counsel was no longer functioning as the counsel guaranteed by the Sixth Amendment; and (2) Petitioner must show that the deficient performance prejudiced the Petitioner to the point where the result was unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**Plea agreements:** A defendant who pleaded guilty is not entitled to federal post-conviction relief where the defendant had consented in open court to terms of the plea agreement, understood the consequences of his plea and consciously chose to plead rather than to go to trial. There has been no breach of the agreement or other impropriety in the administration of plea agreement, and defendant was assisted by counsel within terms of the Sixth Amendment. *Baker v. United States*, 781 F.2d 85 (6th Cir. 1986). Voluntary and intelligent pleas of guilty are not subject to collateral attack. *Mabry v. Johnson*, 467 U.S. 504 (1984), also citing; *United States v. Broce*, 488 U.S. 563, 574 (1989). Absent a condition in the plea agreement that binds the government to move for a downward departure, refusals by the United States to file a motion for downward departure based on substantial assistance are not reviewable unless there is a showing

2

the government failed to move for constitutionally improper motives such as race or religion. *United States v. Rashid*, 274 F. 3d 407 417-418 (6th Cir. 2001) citing, *United States v. Williams*, 176 F.3d 301, 308 (6th Cir. 1999).

**STATEMENT OF THE CASE:**

The Petitioner was charged in a series of Indictments for operating and conspiracy to operate a "pill mill" and distributing controlled substances.  In the first Indictment, the Petitioner was indicted with his business partner and several physicians.  In a Superseding Indictment, the United States added an attorney into the conspiracy with Petitioner Bias.

The Petitioner entered into a negotiated plea to one of the counts pertaining to him.  The plea agreement contained a waiver of his right to appeal any sentence below the statutory maximum.  (Plea Agreement paragraph 14).  The plea agreement allowed the Petitioner to plead to Count 1 charging him with Conspiracy to Distribute Controlled Substances being oxycodone, hydrocodone, alprazolam and diazepam without a legitimate medical purpose.  The potential penalties of Count 1 were spelled out in the plea agreement as a potential term of imprisonment of up to twenty years imprisonment, a three-year term of supervised release, a special assessment of one hundred dollars, as well as forfeiture and potential civil penalties.  It also contained a provision that should the defendant provide honest and complete testimony that the United States would seek a sentence of ten (10) years and that the United States was the sole determiner as to whether the defendant/Petitioner had provided that cooperation.  (Plea Agreement paragraphs 4, 5, 7).  If the Petitioner failed to provide assistance as required, the United States would void the plea agreement. If the plea was voided the petitioner faced a mandatory term of incarceration of twenty years to life imprisonment due to deaths resulting from the conspiracy.  The plea agreement also was clear

that the Court was not bound by any recommendation from the parties.  (Plea Agreement paragraph 16).

After the plea agreement was signed and filed and before the plea hearing date, the Petitioner had a secret meeting with co-defendant Hillman and they discussed the statement of facts.  This meeting took place without the knowledge of Petitioners appointed counsel.  During this meeting, the Petitioner changed portions of the already signed statement of facts to remove portions about co-defendant Hillman and to mitigate Petitioner's involvement with a third clinic.

The United State accepted the amended statement of facts as part of the plea colloquy as the remaining facts were sufficient to prove the Petitioner's guilt to the overall conspiracy.

At the trial of co-defendant Hillman, Petitioner testified. The United States felt that the testimony was at best incomplete and not a full discussion of what the true involvement between Petitioner and the co-defendant.  It was incoherent and made little sense when based upon the rest of the evidence. The United States did not file a motion for downward departure based on the nature of the testimony.  At the Petitioner's sentencing hearing, the matter was raised before this Court. The United States best summed up the as a failure to provide complete and honest testimony.  (Sentencing transcript at 24).  The Court made its own note about now being impressed by the Petitioner's candor during his testimony.  Id at 39.

The Court ultimately sentenced the Petitioner to a period of incarceration of 168 months on Count 1.  A Notice of Appeal was  requested.  The Petitioner raised the issue of the United States alleged breach of the plea agreement on direct appeal.  The appeal was denied February 22, 2016.  The Petition was filed with the Court on February 15, 2017.

**GOVERNMENT'S  RESPONSE**:

The Petitioners Motion to Vacate must be denied.  First and foremost, the Petitioner has waived his rights to appeal any sentence that did not exceed the statutory maximum sentence of forty (40) years.  This sentence did not exceed the statutory maximum sentence.

Upon review, the issues all blend into a generic claim that the United States breached the plea and the Court was complicit in refusing to allow the defendant to withdraw his legally entered guilty plea.

The merits of the argument are not to be considered.  The Petitioner's issues fail on the face of the record.  Under the current law, the United States would submit that the Petitioner is actually precluded by his plea of guilty from contesting his issues.  The § 2255 is at best a long version of the direct appeal.  The issue raised was the breach of the plea agreement by the United States.  The only difference is that the Court is now added within the context of the same arguments.  The record shows: (1) the Petitioner was aware of the essential elements of the offense to which he pled guilty and the potential sentences.  These were discussed on direct appeal and denied.  As noted above, it is improper to use this forum to re-hash issues that have already been litigated before the Court.  That would be the issues on direct appeal and the multiple attempts to further reduce the sentence via the motion under Title 18 U.S.C § 3582.

Moreover, in the factual background of the plea, the Petitioner, under oath, either admitted his guilt or agreed with the factual basis of the offense on multiple occasions.  Voluntary and intelligent pleas of guilty are not subject to collateral attack.  *Mabry v. Johnson*, 467 U.S. 504 (1984), also citing, *United States v. Broce*, 488 U.S. 563, 574 (1989).  As such, the Petitioner fails on any avenue as to this claim.  Again, there is simply nothing in the record to indicate that the Petitioner would not have entered the plea but for the fact that he received more imprisonment

than he hoped. That additional amount of time was based on the Petitioner's own secret behavior and not by action of the United States. Petitioner entered a voluntary plea of guilty to the charged offense. He is now precluded to attack the matter through collateral attack.

The Petitioner has procedurally defaulted on this claim. A procedural default of claims requires a showing of actual innocence; in that the Petitioner must show that it is more likely than not that a reasonable juror would not have convicted him. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993). Factual innocence is more than mere insufficiency of the evidence. *Bousley v. United States*, 523 U.S. 614 (1998).

Petitioner cannot show that this alleged error or ineffectiveness meets this standard of showing he suffered a substantial effect on his rights. See, *United States v. Lumbard*, 706 F.3d 716, 721 (6th Cir. 2013). To satisfy that the error affected his substantial rights, a defendant normally must show that the error was prejudicial, *i.e.*, that it "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). Nothing in the record or case law gives credence to the Petitioner's argument.

Moreover, even if the Court were to consider the claim, the Petitioner has not and cannot show he is actually innocent of the offense. As previously noted, the Petitioner pled guilty.

The case law also defeats the Petitioner's claim of ineffective assistance of counsel. Petitioner must show that (1) the counsel's performance was deficient to the point where counsel was no longer functioning as the counsel guaranteed by the Sixth Amendment; and (2) Petitioner must show that the deficient performance prejudiced the Petitioner to the point where the result was unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). What the record does show is that counsel was able to obtain a benefit to the Petitioner through his guilty plea. Petitioner received a sentence some 200 months less than the guidelines called for. There is absolutely no

indication counsel's performance was constitutionally deficient. Further, the record is again devoid of any indication that any alleged deficiencies of counsel to the level that the results were unreliable.

There is also no showing that Petitioner's counsel was unaware of the applicable law. On the contrary, counsel was well aware of the facts of the case and the likelihood of the Petitioner's conviction had the case gone to trial. Moreover, counsel was well aware of the potential exposure the Petitioner would have faced, for the drug trafficking crime once he was convicted. It was the Petitioner who chose to meet with his co-defendant and concoct a new version of the facts. A version that left out key aspects of the case and was incomplete. It is in this context the Court viewed the testimony of the Petitioner. The plea agreement allowed for the Court to make a decision as to what the ultimate sentence would be, not the United States. (Plea Agreement paragraph 16).

**CONCLUSION**:

To rehash the arguments made earlier by the government in this claim, the Petitioner cannot show an equitable tolling of the statute, he cannot show either cause and prejudice, he cannot show actual innocence, he cannot show deficient performance of counsel, and he cannot re-litigate the issues previously raised. In sum, the Petitioner has failed to meet any burden place upon him to

satisfy any standard of review for the Motion under § 2255 to be granted. The Petitioner's motion must be denied.

**Respectfully submitted,**

**BENJAMIN C. GLASSMAN**
**United States Attorney**


s/Timothy D. Oakley
**TIMOTHY D. OAKLEY (0039965)**
**Assistant United States Attorney**
**221 East Fourth Street, Suite 400**
**Cincinnati, Ohio 45202**
**(513)684-3711; Fax: (513)684-2047**


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was served this 24th day of March, 2017 and by regular U.S. Mail on Petitioner, Tracy Bias, 70248-061 at FCI Elkton, Federal Correctional Institution, P.O. Box 10, Lisbon, OH 44432.


s/Timothy D. Oakley
**TIMOTHY D. OAKLEY (0039965)**
**Assistant United States Attorney**