UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRACY BIAS, | CIVIL CASE NO. 1:17-cv-114 |
| | CRIMINAL CASE NO. 1:12-cr-043-1 |
| Petitioner, | Judge Michael R. Barrett |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**OPINION AND ORDER DENYING § 2255 MOTION**

This matter is before the Court on Petitioner's motion to vacate under § 2255 (Doc. 381) and Respondent's response (Doc. 383). For the reasons that follow, the Court denies the § 2255 motion.

**I. BACKGROUND**

Petitioner, a business partner, and several physicians were indicted in 2012 for offenses related to the operation of a "pill mill." Petitioner pleaded guilty, consistent with a plea agreement (Doc. 147), to conspiracy to distribute a controlled substance (count 1: 21 U.S.C. § 841(a)(1) and § 846). In pertinent part, Petitioner agreed to "truthfully and completely" disclose information about himself and others involved in the "pill mill," "cooperate fully" with the U.S. Attorney and law enforcement, and "truthfully testify." (Doc. 147, PAGE ID #: 942). In exchange for Petitioner's cooperation and "honest and complete testimony," Respondent agreed "to seek a term of incarceration not exceeding ten (10) years." (*Id.* at PAGEID #: 943). That agreement was limited, however, in several ways:

> 5. The defendant understands that **the United States will be the sole determiner of whether defendant has truthfully complied with his obligation to cooperate as set forth in the plea agreement**. In the

1

> event that the defendant fails to provide complete cooperation as determined by the United States, the defendant and the United States understand and agree that the defendant has violated the terms of this agreement. The defendant further understand that the United States will move that the plea and plea offer be withdrawn and the defendant will face the charges as set forth in the entire Indictment.
>
> 6. It is understood that, **should this Office determine that the defendant has not complied** with the terms of this Plea Agreement in any manner, **the government may move the Court to avoid enforcement of the plea agreement made by the defendant and may apply for any sentencing enhancements that may be applicable in this case**. Such an action by this Office **will not entitle the defendant to withdraw his guilty plea once it is entered**.
>
> * * *
>
> 16. The defendant fully understands that sentencing guideline stipulations and recommendations set forth are not binding on the Court, and do not include any matters regarding his criminal history category which will be determined by the Court after a presentence investigation. The defendant fully understands that, after investigation and review**, the Court may determine that the offense factors and recommendations as outlined previously are not appropriate and is not obligated to accept such**. In that event, the defendant fully understands that he **shall not have the right to withdraw his guilty plea**.

(*Id.* at PAGEID #: 943, 945) (emphasis added).

In a sentencing memorandum filed nearly a year after this plea agreement was executed, Respondent agreed with the probation office's recommendation of a 235-month sentence—in excess of ten-year maximum contemplated by the plea agreement. (Doc. 242). In support of its position, Respondent cited the fact that "after Bias changed his plea to guilty . . . Bias had a secret meeting with [co-defendant] to discuss the statement of facts at the time they were to be filed under seal." (*Id.* at PAGEID #: 1981). Respondent also referenced the fact that, in trial testimony, Petitioner denied knowledge on a topic "despite obvious evidence to the contrary." (*Id.* at PAGEID #: 1983). It further remarked that "the United States retained the right to be the sole determiner as to whether

2

the defendant provided complete cooperation. The United States does not agree with defense counsel's characterization of Bias's actions." (*Id.*).

At Petitioner's sentencing hearing, his counsel alleged that Respondent breached the plea agreement by failing to move to withdraw Mr. Bias's plea in the event of noncooperation. (Doc. 367, PAGEID # 3842, 3845, 3851–52, 3887). Respondent countered that the plea agreement made clear that Respondent had the "last word" on Petitioner's compliance with the plea agreement, and that it had determined over the course of their dealings with Petitioner that he had not completely and honestly cooperated. (*Id.* at 3853–56).

Upon consideration of the parties' arguments, the Court determined that Respondent's sentencing memorandum was, in effect, a motion to avoid enforcement of the plea agreement on the basis on noncooperation (*Id.* at PAGEID #: 3888)—a conclusion with which the Sixth Circuit expressly agreed as part of its determination on appeal that Respondent had not breached the plea agreement. (Doc. 372, PAGEID #: 3905).[1] Therefore, using the applicable sentencing range of 235–293 months as a starting point, further capped by the statutory maximum of 240 months, the Court sentenced Petitioner to 168 months: in excess of the ten years that had been

---

[1] The Sixth Circuit's reasoning for this conclusion was as follows:

> Bias's plea agreement provided that the question of whether Bias had fulfilled his cooperation obligations was within the sole discretion of the government. The government determined that Bias had not fully cooperated, and the district court properly construed the government's sentencing memorandum as a motion to avoid enforcement of the plea agreement on the basis of Bias's non-cooperation. The government thus availed itself of one of the two options expressly provided for by the plea agreement in the event of Bias's non-cooperation. Therefore, the government did not breach the plea agreement, and Bias's waiver of his right to appeal is valid.

*Id.*

3

contemplated by the plea agreement but well below the otherwise applicable sentencing range. (Doc. 262). Following the unsuccessful appeal of Petitioner's sentence, the Supreme Court of the United States denied his petition for a writ of certiorari. (Doc. 378). Petitioner's § 2255 motion followed less than a year later.

## II. STANDARD OF REVIEW

A petitioner using § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (internal quotation omitted). Such contentions must be supported by a preponderance of the evidence. *Id.*

## III. ANALYSIS

Petitioner raises four grounds for relief under § 2255. The Court distills the claims as follows:

> 1. Respondent breached the plea agreement by failing to move to withdraw his plea upon alleged noncooperation, which amounted to a violation of due process under the Fifth Amendment to the Constitution.
>
> 2. Petitioner received ineffective assistance from several attorneys in violation of the Sixth Amendment to the Constitution, each of whom was unprepared to take his case to trial and only wanted to negotiate a plea.
>
> 3. Similar to the first ground, Respondent breached the plea agreement by accepting his plea even after it knew Petitioner had discussed the appended statement of facts with a co-defendant, which also amounted to a violation of his constitutional rights.

4. This Court engaged in malicious prosecution by failing to have required Respondent to file a motion to withdraw plea upon Petitioner's alleged noncooperation and in imposing an excessive sentence as compared with other co-defendants.[2]

The Court begins with certain threshold analyses before turning to the substance of these claims.

**A.**

Respondent argues that Petitioner waived his appellate rights in the plea agreement, presenting a procedural bar to the present motion. Generally, a waiver of § 2255 rights in a plea agreement is enforceable. *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). But such waivers, to the extent ambiguous, may be construed against the government. *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011). The plea agreement here contains a waiver of "all rights to appeal the sentence imposed," but does not specifically refer to § 2255 collateral challenges to his sentence. (Doc. 147). In the Court's view, the waiver is silent on § 2255 rights or at least ambiguous. In that case, the Court does not find that Petitioner's plea agreement as such forecloses the relief sought.

Even if Petitioner did not waive his right to file it, a § 2255 motion may not be used as a vessel to relitigate issues raised on direct appeal absent exceptional circumstances, such as an intervening change in law. *DuPont v. United States*, 76 F.3d 108,110 (6th Cir. 1996). Petitioner's first and third grounds for this § 2255 motion raise nothing beyond the

---

[2] Petitioner also challenges the determination of a criminal forfeiture money judgment against him in the amount of $6,348,000.00. The final amount of the forfeiture money judgment was undetermined as of the time of his § 2255 motion and is the subject of a separate order of this Court.

arguments that colored his direct appeal.[3]  Section 2255 relief will therefore be denied on those grounds.  *See Keller v. United States*, No. 17-1469, 2017 WL 5067391, at *2 (6th Cir. Oct. 10, 2017) ("[Defendant] has not made a substantial showing that exceptional circumstances exist such that he could relitigate his claim that the government breached the plea agreement." (citation omitted)).

Petitioner hits another snag in failing to raise sentencing disparity, part of his fourth ground for relief, in his direct appeal.  "[S]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982)).[4]  This argument is procedurally defaulted unless Petitioner can show "(1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).  There is neither an attempt by Petitioner to address why this argument was not raised on direct appeal nor any contention that he is actually innocent.  Section 2255 relief will also be denied on this ground.

---

[3] On appeal, Petitioner raised the following assignment of error:

The district court erred when it failed to require the government to abide by the terms of the plea agreement regarding sentencing recommendations and remedies the government could pursue if it believed [Petitioner] breached the plea agreement.  As a result, the district court sentenced [Petitioner] in violation of due process of law.

(Sixth Circuit Court of Appeals Case No. 15-3126, Doc. 26.).

[4] A claim for ineffective assistance of counsel presents an exception to this general rule. *Killian v. United States*, Case No. 1:13-cr-33, 2018 WL 1475607, at *2 (E.D. Tenn. March 26, 2018).

**B.**

Petitioner argues that he received ineffective assistance of counsel because his "attorneys never once discussed a defense strategy" and "all they wanted to discuss was a Plea Bargain with the United States." (Doc. 381, PAGEID #: 3926). In the context of a guilty plea, "a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense such that there is 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Petitioner carries the burden to show that counsel's performance was objectively unreasonable in the face of a "highly deferential" presumption otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616 (6th Cir. 2003) (citations omitted).

As to the deficient performance prong, Petitioner does not point to witnesses, evidence, or any reason at all that would have warranted the pursuit of a trial under the facts of his case. *See Hatcher v. United States*, No. 3:05-cr-113-PLR-CCS, 2016 WL 6267978, at *4 (E.D. Tenn. July 8, 2016) (finding no merit to ineffective assistance claim for failure to formulate a defense strategy where petitioner did not point to any viable witness or evidence to undermine the course his counsel pursued). Examining the record here, the Court finds it objectively reasonable that Petitioner's counsel would have proceeded with a plea. Petitioner's plea agreement followed plea agreements reached by four co-defendants (Case No. 12-cr-043, Docs. 63, 68, 95, and 97); and Petitioner's arguments do not challenge the assessed strength of his own case or contest his guilt,

but instead challenge only the severity of the sentence imposed. This distinction plays into the prejudice prong. To establish a reasonable probability that he would have gone to trial but for counsels' alleged errors, the Court would expect some argument from Petitioner toward the benefit of a trial or the strength of his case. He has failed to do so—raising only (and redundantly to his appeal) his contention that Respondent breached the plea agreement. Petitioner has failed to meet his burden to demonstrate that his attorneys' performances were objectively unreasonable or that such performance caused him to forego a trial.

Finally, the Court turns to the allegations of "malicious prosecution" in ground four. In support of this ground, Petitioner first cites this Court's failure to require Respondent to file a motion to withdraw the guilty plea in the event of Petitioner's noncooperation, and second cites the disparity between his sentence and those of co-defendants. For the reasons discussed in part A, the Court finds the first argument to be a wholesale restatement of Petitioner's losing arguments on direct appeal and likewise without merit in the § 2255 context. Likewise, and also discussed in part A, the second argument is procedurally defaulted. The Court briefly discusses, however, the fact that Petitioner's argument on sentencing disparity also fails on the merits.

The Court discussed the charge of unfair sentencing disparity between Petitioner and the defendant in a related case, Bart Journey, at the sentencing hearing. (Doc. 367, PAGEID #: 3870). The Court considered, among other things, that co-defendant's sentence, Petitioner's principal role in the conspiracy, and Petitioner's "unwillingness to disengage in criminal activity." (*Id.* at 3869–71, 3889–90). The Court was aware that the co-defendant had a more significant criminal history, but nevertheless exercised its

discretion to impose a longer (thought still below-range) sentence upon Petitioner. (*Id.* at 3889). *See United States v. Adkins*, 744 Fed. Appx. 292, 299 (6th Cir. 2018) (affirming sentence that was more than double that of the mastermind of a scheme, where defendant's sentence reflected his failure to accept responsibility and perjury). Moreover, district courts are not required to consider individual sentence disparities among co-defendants. "[W]e do not require the district court to consider disparities between different participants in an offense. . . . Here, the district court considered only the lack of a national disparity. That's all it had to do." *United States v. Byrd*, 690 Fed. Appx. 892, 895 (6th Cir. 2017) (citing *See United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008)). Petitioner does not point to contrary authority on this point, and his claim therefore fails on the merits.

## V.   CONCLUSION

For the foregoing reasons, Petitioner's § 2255 motion (Doc. 381) is hereby **DENIED**. The motions, files, and records of this case conclusively show that Petitioner is not entitled to relief under § 2255. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. *Smith v. United States*, 348 F.3d 545, 550–51 (6th Cir. 2003). The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court. The Court will not issue a certificate of appealability. *See* Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts, Rule 11(a). Petitioner's § 2255 motion is not "debatable among reasonable jurists," subject to being "resolved differently on appeal[,]" or "adequate to deserve encouragement to proceed further."  *Poandl v. United States*, No. 1:12-cr-00119-1 (1:16-cv-00286), 2017 WL

1247791, at *17 (S.D. Ohio April 5, 2017) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 7 N.4 (1983))).  Petitioner has also failed to make a substantial showing of the denial of a constitutional right.  *Id.* (citing 28 U.S.C.A. § 2253(c) and Fed. R. App. 22(b)).

**IT IS SO ORDERED**.

s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court
